# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Thefaf Al-Rafidain Contracting Co. | ) ASBCA No. 59014 |
| | ) |
| Under Contract No. W91GFL-08-D-0007 | ) |

APPEARANCE FOR THE APPELLANT:  Mr. Fawaz M. Aziz
                                CEO/Vice Chairman of Directorate Board

APPEARANCES FOR THE GOVERNMENT:  Raymond M. Saunders, Esq.
                                  Army Chief Trial Attorney
                                  LTC Mark A. Ries, JA
                                  Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE JAMES ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

This appeal arises from the contracting officer's (CO's) denial of the claim of Thefaf Al-Rafidain Contracting Co. (Thefaf) for $1,039,800 for materials, labor hours and additional rent allegedly incurred to perform under an indefinite delivery, indefinite quantity (IDIQ) contract. On 18 November 2013, Thefaf timely appealed to this Board from the CO's decision. The Board has jurisdiction of this appeal under the Contract Disputes Act of 1978, 41 U.S.C. §§ 7101-7109. On 10 January 2014, the government moved for summary judgment. On 3 March 2014, Thefaf replied to the motion. The government elected not to respond further.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 9 June 2008 the Joint Contracting Command-Iraq (JCC-I) issued Solicitation No. W91GFL-08-R-0018 (the solicitation) for concrete protective barriers, towers, T-walls and scud bunkers under a commercial items contract (R4, tab 1 at 1-14 of 26). The solicitation provided for a "Firm Fixed Price Indefinite-Delivery Indefinite-Quantity contract for one base year," [1] and stated that the "solicitation may result in the award of multiple Firm-Fixed Price IDIQ Contracts" (R4, tab 1 at 3-14 of 26).

---

[1] The base year was 1 July 2008 through 30 June 2009 for all items.

2. The solicitation stated in "SECTION A, SUPPLEMENTAL INFORMATION":

CONTRACT VALUE

The combined maximum contract value for all orders issued against all contracts shall not exceed $30,000,000.00.

MAXIMUM AMOUNT
$30,000,000.00

The minimum guaranteed amount is $10,000.00 per contract award

(R4, tab 1 at 3 of 26)  The total estimated quantity of barriers under all line items was 117,400 (R4, tab 1 at 3-14 of 26).

3. The solicitation included the FAR 52.216-18, ORDERING (OCT 1995) clause, which provided in pertinent part: "(a) Any supplies and services to be furnished under this contract shall be ordered by issuance of [delivery][2] orders or task orders" and the FAR 52.216-22, INDEFINITE QUANTITY (OCT 1995) clause, which provided in pertinent part:

> (a)  This is an indefinite-quantity contract for the supplies or services specified, and effective for the period stated, in the Schedule.  The quantities of supplies and services specified in the Schedule are estimates only and are not purchased by this contract.
>
> (b)  Delivery or performance shall be made only as authorized by orders issued in accordance with the Ordering clause.  The Contractor shall furnish to the Government, when and if ordered, the supplies or services specified in the Schedule up to and including the quantity designated in the Schedule as the "maximum."  The Government shall order at least the quantity of supplies or services designated in the Schedule as the "minimum."

(R4, tab 1 at 23 of 26)

---

[2]  The claim as printed in the contract includes a transcription error where the word "task" is used instead of the correct "delivery."  This minor error does not affect the decision on this motion.

4. In response to the solicitation, for each line item Thefaf inserted its unit price and total price based on the estimated quantity for each line item (R4, tab 2 at 1-14 of 42). Thefaf's proposal did not take any exception to the solicited terms and conditions (R4, tabs 2, 3).

5. On 8 July 2008, JCC-I, Tikrit Contracting Office, awarded Contract No. W91GFL-08-D-0007 (Contract 0007) to Thefaf. Contract 0007 contained the solicitation terms designating the contract type and value, including the $30,000,000 maximum amount for "all contracts" and the $10,000 minimum guaranteed amount "per contract award"[3] as well as the FAR 52.216-18 and 52.216-22 clauses. (R4, tab 1 at 1, 3, 23 of 26)

6. After a week of email exchanges in which Thefaf sought a 25% price increase, which CO Capt Martin A. Muniz, USAF, refused to agree to, on 28 May 2009 JCC-I issued Delivery Order No. 0001 (DO 1) to Thefaf for 250, 12-foot T-walls at $350 per unit, in the total amount of $87,500.00, which Thefaf accepted on 28 May 2009 (R4, tab 4 at 1-6, tab 5 at 1-3).

7. On 9 July 2009, Thefaf delivered to the government, and the government accepted, 250 T-walls (R4, tab 5 at 1). Thefaf's 9 July 2009 DO 1 invoice for $87,500 was received on 13 July 2009 and was paid by the government on 12 August 2009 (R4, tabs 6-7).

8. On 10 October 2013, Thefaf contacted Ms. Joan Wysoske, Chief, Reachback Closeouts, Army Contracting Command, Rock Island, Illinois, and inquired why it had not received additional orders and payments from the Army under Contract No. W91GFL-08-D-0007. According to Thefaf, the contract had a $30,000,000 "big total amount" and Thefaf had made "big expansions" of a 60-ton silo and 810 barrier moldings costing $932,650 and $72,000 for 12 men for 3 years of security, and had added 12,000 square meters of "ground to my factory" (R4, tab 8 at 1-3).

9. Ms. Wysoske's 16 October 2013 reply to Thefaf stated that the $87,500 delivery order satisfied the IDIQ contract's guaranteed minimum amount and the $30,000,000 maximum amount was not a guarantee (R4, tab 9 at 4).

10. On 28 October 2013, Thefaf submitted a certified claim to the CO requesting $1,039,800 for three added 60-ton silos, barrier moldings, 3 years for 12-man security and 12,000 square meters of "ground" to its factory (R4, tab 11 at 1, 4). The CO denied Thefaf's claim by written decision dated 4 November 2013 (R4, tabs 12, 13).

---

[3] The record does not show whether Army JCC-I awarded a contract(s) to offeror(s) other than Thefaf under the multiple award solicitation.

3

11. On 18 November 2013, Thefaf filed its notice of appeal of the foregoing CO's decision to the ASBCA, which the Board docketed on 19 November 2013 as ASBCA No. 59014.

12. On 6 December 2013, the Board stated that it would consider Thefaf's email dated and received on 4 December 2013 to be its complaint in this appeal.

## DECISION

A tribunal shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Summary judgment properly may be granted to a party when the non-moving party fails to offer evidence on an element essential to its case and on which it bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### I.

As to whether there is no genuine issue as to any material fact, appellant's reply to the motion for summary judgment repeats the allegations in its 28 October 2013 claim and its 6 December 2013 complaint. Thefaf's documents do not dispute any of the material facts in the SOF. We conclude that there is no genuine issue as to any material fact.

### II.

As to whether the government is entitled to judgment on its motion, the legal precedents with respect to the government's duty to order supplies or services exceeding the minimum guaranteed quantity in an IDIQ contract are well established. In *Travel Centre v. Barram*, 236 F.3d 1316, 1319 (Fed. Cir. 2001), the Court held:

> [U]nder an IDIQ contract, the government is required to purchase the minimum quantity stated in the contract, but when the government makes that purchase its legal obligation under the contract is satisfied.... [B]ased on the language of the solicitation for the IDIQ contract, Travel Centre could not have had a reasonable expectation that any of the government's needs beyond the minimum contract price would necessarily be satisfied under this contract.

Similarly, in *Transtar Metals, Inc.*, ASBCA No. 55039, 07-1 BCA ¶ 33,482 at 165,959, we held that the government ordered amounts which exceeded the guaranteed minimum for each contract period, thus fulfilling its obligations to appellant under the contract, and

4

the government was entitled to summary judgment on the contractor's claim that it had incurred substantial costs for purchasing and maintaining inventories as a result of the substantial disparity between the government's actual purchases and the estimated quantities in the solicitation.

The government argues that it ordered 250 T-walls for $87,500, exceeding the $10,000 guaranteed minimum order, and therefore it had no obligation to order additional barriers under IDIQ contract 0007 (gov't mot., at 4, 6-8).

In the contract 0007 provision that said, "[t]he combined maximum contract value for all orders issued against all contracts shall not exceed $30,000,000.00," Thefaf emphasizes the "s" in the phrase "all orders" and interprets that provision to state that "this note is for contractor to prepare himself to cover this amount." Thefaf asserts that the "big space" between $10,000 and $30,000,000 is indicative of the government's intent to order the $30,000,000 amount: "they [apparently JCC-I] intend to order for all the barriers in the contract (**117400** pcs)." (Compl. at 1)

Thefaf's foregoing interpretations are untenable. Thefaf's proposal in response to the solicitation does not contain any such interpretations (SOF ¶ 4). The appeal record contains no evidence that before contract award Thefaf told the government of such interpretations. A party's uncommunicated interpretation of a contract provision does not bind the other contracting party. *See Loral Corporation, Defense Systems Division-Akron*, ASBCA No. 37627, 92-1 BCA ¶ 24,661 at 123,025, *aff'd*, 979 F.2d 215 (Fed. Cir. 1992) (table).

Thefaf identifies no legal precedent compelling the Board to construe the phrase "all orders" in the "CONTRACT VALUE" provision of the contract, or the plural "orders" in FAR 52.216-18 and 52.216-22, to require the government to issue one or more orders exceeding $10,000 per contract or to purchase at or near the maximum value of $30,000,000. The term "all orders" in the "CONTRACT VALUE" provision does not require the government to purchase 117,400 barriers for $30,000,000 but rather limits the government orders to $30,000,000, not to Contract 0007 alone, but to "all contracts" awarded under the multiple award solicitation (SOF ¶¶ 1-2) With respect to the "big space" between $10,000 and $30,000,000, as we stated in *Crown Laundry & Dry Cleaners, Inc.*, ASBCA No. 39982, 90-3 BCA ¶ 22,993 at 115,481, *aff'd*, 935 F.2d 281 (Fed. Cir. 1991) (table):

> Appellant argues that the contract's minimum of $85,000 and maximum of $991,644 in orders creates such a disparity...as to make the minimum meaningless. We do not agree. To the extent that appellant relied on the Government's estimates and assumed that the Government would order the maximum, its reliance and assumption were

5

both misplaced. Under the contract, the Government was obligated only to order the minimum quantity stated, and it more than met that obligation.

Based on the foregoing analysis and legal authorities, we hold that the government is entitled to judgment as a matter of law. We grant the motion and deny the appeal.

Dated: 4 April 2014

DAVID W. JAMES, JR.
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59014, Appeal of Thefaf Al-Rafidain Contracting Co., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6